**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **PATRICK ORLANDO**, <br><br> Defendant. | **Case No.**: 1:24-CV-2097 |

**DEFENDANT PATRICK ORLANDO'S
ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Patrick Orlando ("Mr. Orlando") submits his Answer, Defenses and Affirmative Defenses in response to the Complaint filed by Plaintiff U.S. Securities and Exchange Commission ("Plaintiff" or the "Commission") on July 17, 2024 (the "Complaint"), *see* ECF No. 1, and states as follows:

**PRELIMINARY STATEMENT**

Each numbered paragraph of this Answer constitutes Mr. Orlando's answer to the same numbered paragraph of the Complaint.  Mr. Orlando denies each and every allegation in the Complaint, as well as those contained in all headings, subheadings, and charts, except as expressly admitted herein.

The Prayer for Relief and Demand for Jury in the Complaint do not contain allegations of fact and are therefore omitted from this Answer.  To the extent a response is required to the Plaintiff's Prayer for Relief, Mr. Orlando denies that Plaintiff is entitled to the requested relief.  Mr. Orlando reserves the right to amend and/or supplement his Answer, Defenses and Affirmative Defenses.

1

## MR. ORLANDO'S ANSWERS

1.      Mr. Orlando denies the allegations contained in paragraph 1.

2.      Mr. Orlando admits only that he served as CEO and Chairman of DWAC for a certain time and served as the managing member of DWAC Sponsor and, in the role of CEO of DWAC, signed certain SEC filings.  Mr. Orlando refers to such filings for a full and accurate description of their contents, and denies the remaining allegations contained in paragraph 2.

3.      Mr. Orlando admits only that SPAC A initially engaged in merger discussions with TMTG.  The allegation that Mr. Orlando "controlled" SPAC A is a conclusion of law to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations in paragraph 3.

4.      Mr. Orlando denies the allegations contained in paragraph 4.

5.      Mr. Orlando admits only that he signed certain Forms S-1 that were filed with the Commission on DWAC's behalf.  The Forms S-1 speak for themselves, and as such Mr. Orlando denies Plaintiff's characterization of the same.  Mr. Orlando denies the remaining allegations contained in paragraph 5.

6.      Mr. Orlando admits the allegations contained in paragraph 6.

7.      The allegations in paragraph 7 contain conclusions of law to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 7.

8.      Mr. Orlando admits only that DWAC announced an agreement to merge with TMTG in October 2021.  Mr. Orlando lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and, therefore, denies them.

9.      The allegations in paragraph 9 contain conclusions of law to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 9.

10.     Mr. Orlando admits only that he signed and that DWAC filed a Form S-4 filed on May 16, 2022.  The Form S-4 speaks for itself, and as such Mr. Orlando denies Plaintiff's characterization of the same.  Mr. Orlando denies the remainder of the allegations made in paragraph 10.

11.     Mr. Orlando admits only that (i) on July 20, 2023, the SEC instituted a settled cease-and-desist proceeding against DWAC, and (ii) on November 13, 2023, DWAC filed an amended Form S-4.  Both the settled cease-and-desist order and the amended Form S-4 speak for themselves, and as such Mr. Orlando denies Plaintiff's characterization of the same.  Mr. Orlando denies the remaining allegations contained in paragraph 11.

12.     With respect to the allegations in the first sentence of paragraph 12, Mr. Orlando admits only that a merger involving an affiliate of DWAC and TMTG closed on March 25, 2024.  Mr. Orlando denies the remaining allegations in the first and second sentences of paragraph 12.  The third sentence of paragraph 12 is not an allegation of fact that requires a response.

13.     The allegations in paragraph 13 are conclusions of law to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 13.

14.     Paragraph 14 presents the Commission's request for relief, to which no response is required.  To the extent a response is required, Mr. Orlando specifically denies that the Commission is entitled to any relief.

## JURISDICTION AND VENUE

15.    Paragraph 15 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 15.

16.    Paragraph 16 contains legal conclusions to which no response is required.  To the extent a response is required, Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 and, therefore, denies them.

17.    Paragraph 17 contains legal conclusions to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 17.

## BACKGROUND AND TERMINOLOGY

18.    Mr. Orlando denies the allegations contained in paragraph 18.

19.    Mr. Orlando denies the allegations contained in paragraph 19.

20.    Mr. Orlando admits only that a SPAC will seek to identify acquisition candidates and attempt to complete a business combination transaction and denies the remaining allegations contained in paragraph 20.

21.    The allegations in paragraph 21 contain conclusions of law to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 21.

22.    Mr. Orlando admits only the allegations contained in the first sentence of paragraph 22.  The second sentence of paragraph 22 contains a conclusion of law to which no response is required.  To the extent a response is required to the second sentence of paragraph 22, the allegations in the second sentence are admitted.  Mr. Orlando denies the allegations in the third sentence of Paragraph 22.

23.    Mr. Orlando admits the allegations contained in paragraph 23.

4

**DEFENDANT**

24.     Mr. Orlando admits only that he is a resident of Miami, Florida and denies the remaining allegations contained in paragraph 24.

**RELATED PARTIES AND ENTITIES**

25.     Mr. Orlando admits the allegations contained in paragraph 25.

26.     Mr. Orlando admits the allegations contained in paragraph 26.

27.     Mr. Orlando denies the allegations in paragraph 27.

28.     Mr. Orlando admits only the first sentence and fourth sentence of paragraph 28 and denies the remaining allegations contained in paragraph 28.

29.     Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 and, therefore, denies them.

30.     Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 and, therefore, denies them.

**FACTS**

**A.      Orlando's Initial Interactions With TMTG**

31.     Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31 and, therefore, denies them.

32.     Mr. Orlando admits only that in mid-February 2021, a representative of TMTG contacted him regarding SPAC A.  Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 32 and, therefore, denies them.

33.     Mr. Orlando admits only the first sentence and second sentence of paragraph 33. Mr. Orlando denies the remaining allegations contained in paragraph 33.

34.     Mr. Orlando denies the allegations contained in paragraph 34.

35.    Mr. Orlando denies the allegations contained in paragraph 35.

36.    Mr. Orlando denies the allegations contained in paragraph 36.

37.    Mr. Orlando denies the allegations contained in paragraph 37.  To the extent paragraph 37 references the contents of documents, such documents speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

38.    Mr. Orlando admits only the second sentence of paragraph 38.  Mr. Orlando denies the first sentence of paragraph 38, and to the extent the sentence references the contents of a document, such document speaks for itself.  Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.  Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 38 and, therefore, denies them.

39.    Mr. Orlando admits only that he met with representatives of TMTG on April 14, 2021, but denies the remaining allegations contained in paragraph 39.

40.    Mr. Orlando admits only the allegations contained in the first sentence of paragraph 40 and denies the remaining allegations contained in paragraph 40.  To the extent paragraph 40 quotes the contents of a recorded conversation, such a recording was created in violation of Florida law. Moreover, any such recording speaks for itself.  Consequently, Mr. Orlando refers to such recording for a full and accurate description of its contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such recording.

41.　Mr. Orlando denies the allegations contained in paragraph 41.  To the extent paragraph 41 references the contents of documents, such documents speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

42.　Mr. Orlando denies the allegations contained in paragraph 42.  To the extent paragraph 42 references the contents of documents, such documents speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

43.　Mr. Orlando denies the allegations contained in paragraph 43.  To the extent paragraph 43 references the contents of documents, such documents speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

**B.　Orlando Took Control of DWAC and Resumed Merger Discussions With TMTG**

44.　Mr. Orlando admits only that he signed a letter of intent with Investment Bank in April 2021.  To the extent paragraph 44 references the contents of a document, such document speaks for itself.  Consequently, Mr. Orlando refers to such document for a full and accurate description of its contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such document.  Mr. Orlando denies the remaining allegations contained in paragraph 44.

45.     Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 45 and, therefore, denies them.  To the extent paragraph 45 references the contents of documents, such documents speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

46.     Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46 and, therefore, denies them.  To the extent paragraph 46 references the contents of documents, such documents speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

47.     Mr. Orlando denies the allegations contained in paragraph 47.  To the extent paragraph 47 references the contents of documents, such documents speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

48.     Mr. Orlando admits only that he obtained an ownership interest in DWAC Sponsor on May 14, 2021, and was later appointed CEO and Chairman of DWAC.  To the extent paragraph 48 references the contents of documents, the documents speak for themselves.  Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.  Mr. Orlando denies the remaining allegations contained in paragraph 48.

49.     Mr. Orlando admits only the first two sentences of paragraph 49 but denies the remaining allegations contained in paragraph 49.  To the extent paragraph 49 references the contents of the May Form S-1, the document speaks for itself.  Consequently, Mr. Orlando refers to such document for a full and accurate description of its contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with the May Form S-1.

50.     Mr. Orlando admits only that the May Form S-1 identified a CFO for DWAC, but denies the remaining allegations contained in paragraph 50.  To the extent paragraph 50 references the contents of the May Form S-1, the document speaks for itself.  Consequently, Mr. Orlando refers to such document for a full and accurate description of its contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with the May Form S-1.

51.     Mr. Orlando admits only that the May Form S-1 contains the statement quoted in paragraph 51 and denies the remaining allegations contained in paragraph 51.  To the extent paragraph 51 references the contents of the May Form S-1, the document speaks for itself.  Consequently, Mr. Orlando refers to such document for a full and accurate description of its contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with the May Form S-1.

52.     Mr. Orlando denies the allegations contained in paragraph 52.

53.     Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 53 and, therefore, denies them.

54.     Mr. Orlando admits only that he counter-signed the referenced agreement, but Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations contained in paragraph 54 and, therefore, denies them. To the extent paragraph 54 references the contents of documents, such documents speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

55. Mr. Orlando denies the allegations contained in paragraph 55. To the extent paragraph 55 references the contents of documents or video recordings, such documents or video recordings speak for themselves. Consequently, Mr. Orlando refers to such documents or video recordings for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents or video recordings.

56. Mr. Orlando denies the allegations contained in paragraph 56. To the extent paragraph 56 references the contents of documents, such documents speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

**C.     The June 4 LOI and Break-Up Fee Clause**

57. Mr. Orlando admits only that on June 4, 2021, SPAC A and TMTG signed a letter of intent. To the extent paragraph 57 references the contents of a document, such document speaks for itself. Consequently, Mr. Orlando refers to such document for a full and accurate description of its contents, and denies the allegations to the extent they summarize, selectively quote or are otherwise inconsistent with any such document. Mr. Orlando lacks knowledge or information

sufficient to form a belief about the truth of the allegations contained in the last sentence of paragraph 57. Mr. Orlando denies the remaining allegations contained in paragraph 57.

58.     Mr. Orlando denies the allegations contained in paragraph 58.  To the extent paragraph 58 references the contents of documents, such documents speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

59.     Mr. Orlando denies the allegations contained in paragraph 59.  To the extent paragraph 59 references the contents of documents, such documents speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

60.     Mr. Orlando admits only that SPAC A and TMTG executed a letter of intent on June 4, 2021.  At the signing, President Donald J. Trump ("President Trump") represented TMTG and signed on its behalf and Mr. Orlando signed on behalf of SPAC A and in his personal capacity. Mr. Orlando denies the remaining allegations contained in paragraph 57.  To the extent paragraph 57 references the contents of a document, such document speaks for itself.  Consequently, Mr. Orlando refers to such document for a full and accurate description of its contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such document.

61.     The allegations in paragraph 61 contain conclusions of law to which no responses are required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 61.  To the extent paragraph 61 references the contents of documents, such documents

11

speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

62.     Mr. Orlando denies the allegations contained in paragraph 62.

**D.     Orlando Contemplated a DWAC Merger With TMTG**

63.     Mr. Orlando denies the allegations contained in paragraph 63. To the extent paragraph 63 refers to contents of documents, such documents speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

64.     Mr. Orlando denies the allegations contained in paragraph 64.

65.     Mr. Orlando admits only that he gave President Trump a commemorative plaque tombstone related to SPAC A. To the extent paragraph 65 references the contents of documents, such documents speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote or are otherwise inconsistent with any such documents. Mr. Orlando denies the remaining allegations contained in paragraph 65.

66.     Mr. Orlando denies the allegations contained in paragraph 66. To the extent paragraph 66 references the contents of documents, such documents speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

12

67.     The allegations in the fourth sentence of paragraph 67 contain conclusions of law to which no response is required.  To the extent a response is required, and with respect to the remaining allegations, Mr. Orlando denies the allegations contained in paragraph 67.  To the extent paragraph 67 references the contents of documents, such documents speak for themselves.  Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

68.     Mr. Orlando denies the allegations contained in paragraph 68.  To the extent paragraph 68 references the contents of documents, such documents speak for themselves.  Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

69.     Mr. Orlando denies the allegations contained in paragraph 69.  To the extent paragraph 69 references the contents of a document, such document speaks for itself.  Mr. Orlando refers to such document for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such document.

70.     Mr. Orlando denies the allegations contained in paragraph 70.

**E.     Orlando Had Discussions With TMTG About a Merger With DWAC**

71.     Mr. Orlando denies the allegations contained in paragraph 71.

72.     Mr. Orlando denies the allegations contained in paragraph 72.  To the extent paragraph 72 references the contents of documents or video recordings, such documents or video recordings speak for themselves.  Consequently, Mr. Orlando refers to such documents or video

recordings for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents or video recordings.

73. Mr. Orlando denies the allegations contained in paragraph 73.

74. Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of paragraph 74 and, therefore, denies them. Mr. Orlando denies the remaining allegations contained in paragraph 74.

75. Mr. Orlando denies the allegations contained in paragraph 75.

76. Mr. Orlando denies the allegations contained in paragraph 76.

77. Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 77 and, therefore, denies them. To the extent paragraph 77 references the contents of documents, such documents speak for themselves. Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

78. Mr. Orlando admits only that DWAC filed an amended Form S-1 on July 8, 2021, and denies the remaining allegations contained in paragraph 78. Mr. Orlando refers to the July 8, 2021 Form S-1 for a full and accurate description of its contents.

79. Mr. Orlando admits only that he reviewed and signed the July Form S-1 and denies the remainder of the allegations in paragraph 79.

80. Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 80 and, therefore, denies them.

81.     Mr. Orlando admits only that he visited TMTG's offices in July 2021 as part of SPAC A's due diligence of TMTG.  To the extent paragraph 81 references the contents of a document, such document speaks for itself.  Consequently, Mr. Orlando refers to such documents for a full and accurate description of their contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.  Mr. Orlando denies the remaining allegations contained in paragraph 81.

82.     Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 82, and therefore denies them.

83.     Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 83, and therefore denies them.

84.     Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 84 and therefore denies them.

85.     Mr. Orlando denies the allegations contained in paragraph 85.  To the extent paragraph 85 references the contents of a document, such document speaks for itself.  Consequently, Mr. Orlando refers to such document for a full and accurate description of its contents, and denies the allegations to the extent they summarize, selectively quote, or are otherwise inconsistent with any such documents.

**F.     DWAC's Form S-1 Contained Material Misrepresentations**

86.     The allegations in paragraph 86 contain conclusions of law to which no response is required.  To the extent a response is required, Mr. Orlando admits only that he signed DWAC's Final Form S-1 and that it contains the statement quoted in paragraph 86.  Mr. Orlando refers to the Final Form S-1 for a full and accurate description of its contents.  Mr. Orlando denies the remaining allegations contained in paragraph 86.

15

87.    Mr. Orlando admits only that the Final Form S-1 contains the statement quoted in paragraph 87.  Mr. Orlando refers to the Final Form S-1 for a full and accurate description of its contents.  Mr. Orlando denies the remaining allegations contained in paragraph 87.

88.    Mr. Orlando admits only that the Final Form S-1 contains the statement quoted in paragraph 88.  Mr. Orlando refers to the Final Form S-1 for a full and accurate description of its contents.  Mr. Orlando denies the remaining allegations contained in paragraph 88.

89.    The allegations in paragraph 85 contain conclusions of law to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 89.

90.    The allegations in paragraph 86 contain conclusions of law to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 90.

91.    Mr. Orlando admits the allegations contained in paragraph 91.

92.    Mr. Orlando denies the allegations contained in paragraph 92.

**G.    DWAC's Post-IPO Negotiations With TMTG**

93.    Mr. Orlando admits only the first two sentences of paragraph 93.  Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 93 and, therefore, denies them.

94.    Mr. Orlando admits only that DWAC's Board voted to execute LOIs with multiple potential targets, including TMTG and Target B.  Mr. Orlando denies the remaining allegations contained in paragraph 94, including in particular the characterization of the targets as "purported."

95.    Mr. Orlando admits only that a Target B representative informed DWAC that Target B was not a suitable target at that time and that the Form S-4 contains the statement quoted

in paragraph 95. Mr. Orlando refers to the February 14, 2024 Form S-4 for a full and accurate description of its contents. Mr. Orlando denies the remaining allegations contained in paragraph 95.

96. The allegations in paragraph 96 contain conclusions of law to which no response is required. To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 96.

97. Mr. Orlando admits only that (i) DWAC's directors discussed the merits of multiple potential merger targets, including Target G, and (ii) the DWAC Form S-4 contains the statement quoted in paragraph 97. Mr. Orlando refers to the February 14, 2024 Form S-4 for a full and accurate description of its contents. Mr. Orlando denies the remaining allegations contained in paragraph 97.

98. The allegations in paragraph 98 contain conclusions of law to which no response is required. To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 98.

99. Mr. Orlando admits only that DWAC's board discussed the merits of multiple potential merger targets, including Target I. Mr. Orlando denies the remaining allegations contained in paragraph 99.

100. Mr. Orlando admits only that (i) SPAC A and TMTG signed a termination agreement memorializing their prior verbal agreement to do so and (ii) DWAC and TMTG signed a letter of intent on September 22, 2021. Mr. Orlando refers to the termination agreement for a full and accurate description of its contents. Mr. Orlando denies the remaining allegations contained in paragraph 100.

101. Mr. Orlando admits only that (i) DWAC's Board prospectively approved the signing of a definitive merger agreement with TMTG, if TMTG provided sufficient information and met certain prerequisites the following day, and that (ii) Mr. Orlando, on DWAC's behalf, and President Trump, on TMTG's behalf, signed the definitive merger agreement on October 20, 2021. Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 101 and therefore denies them.

102. Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 102 and therefore denies them.

103. Mr. Orlando denies the allegations contained in paragraph 103.

104. Mr. Orlando admits only that on July 20, 2023, the Commission instituted a cease-and-desist proceeding against DWAC. Mr. Orlando lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 104 and, therefore, denies them. Mr. Orlando refers to the July 20, 2023 Commission order memorializing its settled cease-and-desist proceeding and DWAC's November 23, 2023 amended Form S-4 for a full and accurate description of their contents.

## FIRST CLAIM FOR RELIEF

### Violations of Section 10(b) of the Exchange Act
### and Rule 10b-5 Thereunder

105. Mr. Orlando repeats and incorporates his answers to paragraphs 1 through 104 by reference as if fully set forth herein.

106. Paragraph 106 contains legal arguments and conclusions of law to which no response is required. To the extent an answer is required, Mr. Orlando denies the allegations contained in paragraph 106.

107.    Paragraph 107 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 107.

108.    Paragraph 108 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 108.

109.    Paragraph 109 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 109.

### SECOND CLAIM FOR RELIEF

### Violations of Section 17(a) of the Securities Act

110.    Mr. Orlando repeats and incorporates his answers to paragraphs 1 through 104 by reference as if fully set forth herein.

111.    Paragraph 111 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 111.

112.    Paragraph 112 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 112.

113.    Paragraph 113 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 113.

114.    Paragraph 114 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Mr. Orlando denies the allegations contained in paragraph 114.

## PRAYER FOR RELIEF

The remainder of the Complaint presents a prayer for relief, to which no response is required.  To the extent a response is required, Mr. Orlando specifically denies that the Commission is entitled to the relief requested or to any relief at all.

## RESPONSE TO DEMAND FOR JURY TRIAL

Mr. Orlando demands a jury trial on all issues so triable.

## MR. ORLANDO'S AFFIRMATIVE AND OTHER DEFENSES

Without waiving the Commission's obligations to prove each and every element of its claims, and while expressly reserving the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require, Mr. Orlando, without assuming any additional legal burden, hereby sets forth the following affirmative and additional defenses:

## FIRST DEFENSE

The Complaint and each cause of action is barred for failure to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Commission's claims are barred, in whole or in part, because Mr. Orlando's actions alleged in the Complaint were lawful.

## THIRD DEFENSE

Without admitting Mr. Orlando violated any of the federal securities laws, to the extent any action by Mr. Orlando constituted such a violation, as the CEO and Chairman of DWAC, a

20

Delaware Corporation, Mr. Orlando asserts that at all times relevant to the allegations in the Complaint, Mr. Orlando received and relied upon the advice of DWAC's counsel and professional advisors and had a right to do so pursuant to Delaware General Corporation Law Section 141(e). Specifically, Mr. Orlando received and followed the advice of counsel, including in connection with (a) communications with TMTG, (b) DWAC's Form S-1 (and amendments thereto) dated on or about May 25, 2021, July 8 and 26, 2021, and August 10, 20, 30, and 31, 2021, and (c) DWAC's Form S-4 dated on or about May 16, 2022. Further, both pre- and post-IPO, Mr. Orlando sought the advice of Ellenoff Grossman & Schole LLP ("EGS") and Alexander Monje, who was heavily involved in DWAC's operations and had direct personal knowledge of DWAC's acquisition strategies. In addition, Mr. Orlando received advice from Trump Media and Technology Group's counsel, Nelson Mullins Riley & Scarborough LLP ("Nelson Mullins"), regarding the same. Post-IPO, Mr. Orlando also sought the legal advice of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") with respect to statements included in DWAC's Form S-4 dated May 16, 2022. Mr. Orlando's good faith reliance upon EGS's, Monje's, Nelson Mullins's, and WilmerHale's legal advice in drafting and approving the relevant disclosures precludes liability.

### FOURTH DEFENSE

Separate and apart from the foregoing advice of counsel defense, Mr. Orlando's reliance on DWAC's legal counsel independently precludes liability because it negates any finding that Mr. Orlando acted with scienter, which is an essential element to the Commission's claims. *See Howard v. SEC*, 376 F.3d 1136, 1147 (D.C. Cir. 2004) (recognizing that reliance on the advice of counsel is "evidence of good faith" and therefore a "relevant consideration in evaluating a defendant's scienter.").

### FIFTH DEFENSE

The Commission's claims are barred, in whole or in part, by the doctrine of unclean hands.

21

## SIXTH DEFNESE

The Commission's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

## SEVENTH DEFENSE

The Commission's claims are barred, in whole or in part, because the Commission has not acted in good faith.

## EIGHTH DEFENSE

The Commission's claims are barred, in whole or in part, by the doctrine of waiver.

## NINTH DEFENSE

The Commission's purported claims for equitable and injunctive relief are barred by the doctrine of laches.

## TENTH DEFENSE

The Commission's claims are barred, in whole or in part, by the doctrine of estoppel.

## ELEVENTH DEFENSE

The Commission's claims for equitable and injunctive relief are barred, in whole or in part, because the balance of the equities does not favor granting the requested relief.

## TWELFTH DEFENSE

The Commission's claims for equitable and injunctive relief are barred, in whole or in part, because the requested relief is not in the public interest.

## THIRTEENTH DEFENSE

The Commission's claims are barred, in whole or in part, by the applicable statute of limitations.

**FOURTEENTH DEFENSE**

The Commission's claims are barred, in whole or in part, by the doctrine of accord and satisfaction because the Commission has already resolved these claims within TMTG's (f/k/a DWAC's) Offer of Settlement, executed on July 3, 2023.

**FIFTEENTH DEFENSE**

The Commission has failed to plead or establish a basis for "a Final Judgment permanently barring Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] and that is required to file reports under Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]," Compl. at 28, because the Commission has not pleaded or established that Mr. Orlando engaged in any conduct that demonstrates "unfitness to serve as [such] an officer or director," 15 U.S.C. §§ 77t(e), 78u(d)(2).

**SIXTEENTH DEFENSE**

The Commission has failed to plead or establish a basis for "a Final Judgment directing Defendant to disgorge, with prejudgment interest, all illicit trading profits or other ill-gotten gains obtained by reason of the unlawful conduct alleged in this Complaint," Compl. at 28, for several reasons, including because the Commission has failed to plead or establish that (i) Mr. Orlando enjoyed any "illicit trading profits" or "ill-gotten gains," (ii) there were any victims who suffered pecuniary harm, (iii) a genuine and sufficient causal nexus between Mr. Orlando's conduct and any such "illicit trading profits" or "ill-gotten gains" and/or with respect to any allegedly harmed individual. *See Sripetch v. SEC*, No. 25-466 (U.S. Jan. 9, 2026).

**SEVENTEENTH DEFENSE**

The relief sought by the Commission is punitive and so grossly disproportional to the alleged conduct that it violates the Eighth Amendment prohibition against excessive fines.

23

## EIGHTEENTH DEFENSE

The action is barred in whole or part because the Commission's conduct in connection with the pursuit of this action has deprived Mr. Orlando due process as guaranteed by the Fifth Amendment to the United States Constitution.

## NINETEENTH DEFENSE

The action is barred because the Commission's structure impermissibly violates Article II of the United States Constitution. The removal protection under which the SEC's Commissioners have long operated and continued to operate when bringing this action, *see Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 487 (2010) (reciting SEC's position before the Supreme Court that "the Commissioners cannot themselves be removed by the President except under [a for cause standard]"), renders the Commission's exercise of executive enforcement authority in this action constitutionally invalid. *See generally, Trump v. Wilcox*, 145 S. Ct. 1415 (2025) (granting emergency stay of order that enjoined President from removing members of NLRB and MSPB without cause where statutes prohibited removal except for cause, explaining that "[b]ecause the Constitution vests the executive power in the President, *see* Art. II, § 1, cl. 1, he may remove without cause executive officers who exercise that power on his behalf, subject to narrow exceptions recognized by our precedents," i.e., exceptions pertaining to agencies exercising only non-executive functions, unlike the SEC in pursuing this enforcement action).

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Orlando respectfully requests that the Court enter an Order as follows:

1.    Entering judgment in favor of Mr. Orlando and against the Commission on all alleged claims for relief;

2.    Dismissing the Complaint with prejudice; and

24

3.      Granting such other and further relief as the Court deems just and proper.

Dated:  April 1, 2026

Respectfully Submitted,

By: */s/ Sergio E. Molina*
        Sergio E. Molina, Esq.
        D.C. Bar No: 90001502
        Adam L. Schwartz, Esq.
        (*Admitted Pro Hac Vice*)
        Brooke E. Conner, Esq.
        (*Admitted Pro Hac Vice*)

**VEDDER PRICE**
600 Brickell Avenue, Suite 1500
Miami, Florida 33131
Tel:    +1 (786) 741 3200
Fax:    +1 (786) 741 3202
achwartz@vedder.com
smolina@vedder.com

-and-

222 North LaSalle Street
Chicago, Illinois 60601
Tel:    +1 (312) 609 7500
Fax:    +1 (312) 609 5005
bconner@vedder.com

- and -

By: */s/ Hartley M.K. West*
        D. Brett Kohlhofer, Esq.
        D.C. Bar No.: 1022963
        Hartley M.K. West, Esq.
        (*Admitted Pro Hac Vice*)

**DECHERT, LLP**
1900 K Street, NW
Washington, DC 20006
Tel:    +1 (202) 261 3349
Fax:    +1 (202) 261 3333
d.brett.kohlhofer@deckert.com

- and –

25

45 Fremont Street, 26th Floor
San Francisco, California 94105
Tel:    +1 (415) 262 4511
Fax:    +1 (415) 262 4555
hartley.west@dechert.com

*Counsel for Defendant Patrick Orlando*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 1, 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served on all counsel of records entitled to receive service in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/  *Sergio E. Molina*
Sergio E. Molina